UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN D. CHAKER, | No. 2:20-cv-1248–TLN–KJN (PS) |
| Plaintiff, | ORDER |
| v. | (ECF Nos. 2, 3, 4) |
| XAVIER BECERRA, et al., | |
| Defendants. | |

Plaintiff, who proceeds in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

///

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1        In this case, plaintiff alleges violations of his First Amendment rights under 42 U.S.C.
2   § 1983 concerning the application of a California statute.  (See generally ECF No. 1.)  Based on
3   the limited record at this time, the court cannot conclude that plaintiff's action is frivolous, that
4   the complaint fails to state a claim upon which relief can be granted, or that plaintiff seeks
5   monetary relief from an immune defendant.  The court reserves decision as to plaintiff's claims
6   until the record is sufficiently developed, and this order does not preclude defendant from
7   challenging plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil
8   Procedure 12 or other appropriate method of challenging plaintiff's pleading.  Accordingly, the
9   court orders service of the complaint on defendant.

10       Alongside his complaint and application for in forma pauperis status, plaintiff moved to
11  have counsel appointed for him (ECF No. 3) and requested certain exhibits to his IFP application
12  be filed under seal (ECF No. 4.)  As the court has found plaintiff's IFP affidavit sufficient on its
13  own, it has no need for the submitted exhibits.  Thus, the court denies plaintiff's request to file the
14  exhibits under seal, as the issue is moot.

15       As to the former issue, any successful application for appointment of counsel must
16  comply with criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301
17  (9th Cir. 1981).  Before appointing counsel to a plaintiff, the court must consider (1) plaintiff's
18  financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's
19  likelihood of success on the merits.  Id. at 1318.  "The plaintiff has the burden of proof and must
20  meet all three factors."  Reddy v. Precyse Sols. LLC, 2013 WL 2603413, at *1 (E.D. Cal. June
21  11, 2013) (citing Castner v. Colorado Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir.1992)).
22  Appointment of counsel is not a matter of right.  See Ivey v. Bd. of Regents, 673 F. 2d 266 (9th
23  Cir. 1982).  Moreover, "counsel may be designated under section 1915(d) only in 'exceptional
24  circumstances'. . . [which] requires an evaluation of both 'the likelihood of success on the merits
25  [and] the ability of the petitioner to articulate [her] claims pro se in light of the complexity of the
26  legal issues involved.'"  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (cleaned
27  up).
28  ///

Because the court has granted plaintiff IFP status, the first <u>Bradshaw</u> factor is met. However, even assuming for the sake of argument that plaintiff's brief list of firms and generalized hourly rate qualifies as a demonstration of his effort, the court declines to appoint counsel at this time based on the third <u>Bradshaw</u> factor.  Plaintiff's motion to appoint counsel simply states that the issue he intends to litigate is "meritorious" and "complex," this does not meet the <u>Bradshaw</u> standard.   Additionally, even if plaintiff could provide more information at this time, the third factor still counsels against appointment.  Though the court has granted plaintiff IFP status and ordered service—finding his complaint potentially states claims—it is too soon in the litigation to tell whether plaintiff can succeed on the merits.  Further, the Court sees no "exceptional circumstance" that would warrant counsel to be appointed.  The "exceptional circumstances" standard is met through evaluation of the likelihood of success on the merits and the ability of plaintiffs to articulate their claims in light of the complexity of the legal issues involved.  <u>Wilborn</u>, 789 F.2d at 1331 (quoting <u>Weygtandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983)). Not only is the 'success on the merits' prong deficient, but no complex issues are currently before the court.  This case is still in its initial phase, and plaintiff has been given simple instructions on how to present service documents to the U.S. Marshal.  Accordingly, plaintiff's motion to appoint counsel (ECF No. 3) is denied.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to appoint counsel (ECF No. 3) is DENIED;
2. Plaintiff's motion to file exhibits under seal (ECF No. 4) is DENIED AS MOOT, and the Clerk of the Court shall return plaintiff's documents to him;
3. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED;
4. Service of the complaint is appropriate for defendants named in the Complaint;
5. The Clerk of Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4;
6. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes;

7. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

   a. One completed summons;

   b. One completed USM-285 form for each defendant to be served;

   c. A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

   d. A copy of this court's scheduling order and related documents for each defendant to be served.

8. Plaintiff shall supply the U.S. Marshal, within 30 days from the date this order is filed, with all information needed by the U.S. Marshal to effectuate service of process, and shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the U.S. Marshal;

9. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs;

10. If defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal.  The filing of an answer or a responsive motion does not relieve defendant of this requirement, and the failure to return the signed waiver may subject defendant to an order to pay the costs of service by the U.S. Marshal; and

11. Failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b);

Dated: June 25, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

chak.1248